**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-2244**

_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

CHARLES E. LOUTHER, JR.,

             Claimant – Appellant,

        and

CURRENCY, $41,939.00 IN U.S.; 2001 ACURA CL, VIN
19UYA42611A022790,

             Defendants,

SHAKITA LOUTHER; CAPITAL ONE AUTO FINANCE, INC.,

             Claimants.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:09-cv-00164-NCT-PTS)

_____

Submitted:  April 19, 2012          Decided:  April 24, 2012

_____

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

_____

Affirmed in part, dismissed in part in part by unpublished per
curiam opinion.

_____

Charles E. Louther, Jr., Appellant Pro Se.  Lynne P. Klauer, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles E. Louther, Jr., seeks to appeal the district court's orders dismissing his answer and claim for lack of standing and denying leave to proceed in forma pauperis ("IFP") on appeal. He also seeks to challenge the court's decree and judgment of forfeiture. We affirm in part and dismiss in part.

Louther filed a timely notice of appeal designating only the court's order denying leave to proceed IFP on appeal as the order he sought to appeal. We confine our review to the issues raised in the Appellant's brief. See 4th Cir. R. 34(b). Because Louther's informal brief does not challenge the basis for the district court's disposition, Louther has forfeited appellate review of this order. Accordingly, we affirm the district court's order denying IFP status.

Turning to the remaining order and judgment Louther seeks to appeal, we dismiss for lack of jurisdiction. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

3

The district court's order dismissing Louther's answer and claim for lack of standing was entered on the docket on September 7, 2011, and the decree and judgment of forfeiture was entered on the docket on October 13, 2011. The notice of appeal was filed on February 13, 2012.[*] Because Louther failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

---

[*] Louther failed to notice an appeal of the district court's underlying substantive orders. While we may construe Louther's informal brief on appeal as "the functional equivalent" of a notice of appeal, <u>Smith v. Barry</u>, 502 U.S. 244, 248-49 (1992), Louther failed to file his brief within the sixty-day appeal period.